**Richard L. KOENIG, on his own behalf and on behalf of his son, Jacob Koenig, as Jacob's father, natural protector & next friend, Plaintiff,**

v.

**Linda Jean SNEAD, et al., Defendants.**

**Civ. No. 90–869–FR.**

United States District Court, D. Oregon.

Feb. 28, 1991.

Richard L. Koenig, Portland, Or., pro se.

David B. Paradis, McEwen, Gisvold, Rankin & Stewart, Portland, Or., for defendant Ted Brindle.

## OPINION

FRYE, Judge:

The matter before the court is the motion of defendant Ted Brindle pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the complaint filed against him by the plaintiff, Richard L. Koenig, on his own behalf and on behalf of his son, Jacob Koenig, on the ground that Koenig has failed to state a claim upon which relief can be granted.

In his complaint, Koenig seeks to recover damages for alleged violations of his constitutional rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), and for common law negligence and pendent tort claims.

## ALLEGATIONS OF THE COMPLAINT

Koenig and defendant Linda Snead are the natural parents of Jacob Koenig, a minor child. On April 8, 1988, the Honorable Alan C. Bonebrake, a Circuit Court Judge for the County of Washington, State of Oregon, entered an order specifying the visitation rights to which Koenig was entitled with Jacob Koenig. Snead refused to comply with the terms of the visitation order and denied Koenig any visitation with Jacob Koenig.

On July 19, 1988, the Honorable Jon B. Lund, a Circuit Court Judge for the County of Washington, State of Oregon, ordered that Snead surrender Jacob to Koenig pursuant to the terms of the visitation order. Snead refused to reveal the whereabouts of Jacob to Koenig and requested the Children's Services Division not to reveal the whereabouts of Jacob to Koenig.

Koenig filed a proceeding in the Circuit Court of the State of Oregon for the County of Multnomah before juvenile referee Katherine English in an attempt to obtain an order requiring Snead to comply with the orders of Judges Bonebrake and Lund entered in Washington County. On Sep-

tember 2, 1988, the court appointed defendant Ted Brindle to represent Koenig. Brindle failed to argue against or object to the actions of the state officers in depriving Koenig and Jacob Koenig of their constitutional rights. Brindle refused to reveal information regarding the whereabouts of Jacob Koenig to Koenig. Brindle conspired with the other defendants in this case to deprive Koenig of due process and the equal protection of the law.

Brindle was negligent in his representation of Koenig by failing to assert and defend the constitutional rights of Koenig and failing to oppose deprivation of those rights.

## CONTENTIONS OF THE PARTIES

Brindle contends that the complaint filed against him by Koenig must be dismissed for failure to state a claim because: 1) Koenig has failed to allege that Brindle was acting under color of state law as is required to state a claim under section 1983; 2) Koenig has failed to allege that Brindle or any of the other defendants were motivated by a discriminatory animus as required for a claim under section 1985(3); and 3) since Koenig has failed to state any federal claim against Brindle, this court should decline to exercise jurisdiction over Koenig's negligence claim and other pendent tort claims under the laws of the State of Oregon.

Koenig opposes the motion to dismiss his complaint on the ground that he has stated claims upon which relief can be granted.

## APPLICABLE LAW

For purposes of a motion under Fed.R. Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*,

355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The allegations of a *pro se* complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972)).

## ANALYSIS AND RULING

In his complaint, Koenig has alleged three claims for relief against Brindle: claims based on 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and common law negligence. The court will consider each of these claims separately.

### *Koenig's Claim Based on 42 U.S.C. § 1983*

■ In order to state a claim for damages arising from an alleged constitutional violation under 42 U.S.C. § 1983, a plaintiff must allege: 1) that the defendant acted under color of state law, 2) to deprive the plaintiff of his constitutional rights. *Briley v. California*, 564 F.2d 849, 853 (9th Cir.1977). Attorneys who serve clients pursuant to court appointment and who are paid by the state do not act under color of state law by reason of the means of their appointment and payment. *Black v. Bayer*, 672 F.2d 309, 314 (3d Cir.1982); *see Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S.Ct. 445, 453–54, 70 L.Ed.2d 509 (1981). A lawyer appointed by the state, but who serves on behalf of an individual, "acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state." *United States ex rel. Darcy v. Handy*, 203 F.2d 407, 426 (3d Cir.) (en banc), *cert. denied*, 346 U.S. 865, 74 S.Ct. 103, 98 L.Ed. 375 (1953).

Brindle was appointed to serve as counsel for Koenig. In this capacity, he did not serve as an officer of the State of Oregon. Therefore, Koenig cannot state a claim against Brindle under 42 U.S.C. § 1983 because Brindle was acting in his individual

**44**

capacity as a lawyer and not as an officer of the State of Oregon.

▇ Construing the complaint in the light most favorable to him, Koenig has also alleged that Brindle conspired with state officials who deprived Koenig of his constitutional rights in violation of section 1983 by refusing to disclose to Koenig the whereabouts of his son. Pursuant to Shelter Order No. 8808–82,308, issued in the Circuit Court of the State of Oregon, for Multnomah County, Juvenile Department (Exhibit A to Plaintiff's Response to Motion to Dismiss), Brindle was permitted to review the file of the Children's Services Division relating to Jacob Koenig in order to permit him to assist Koenig in prosecuting his petition. On page 2, paragraph 3, lines 8–9, that court order provides: "The attorney will so review the file but will not reveal the location of the mother or child at this time."

In refusing to disclose the whereabouts of Jacob Koenig to Koenig, Brindle was abiding by the terms of a court order as he, an officer of the court, was bound to do. Koenig has failed to state a claim that Brindle conspired with state officials to deprive him of his constitutional rights in violation of 42 U.S.C. § 1983.

### Koenig's Claim Under 42 U.S.C. § 1985(3)

▇ 42 U.S.C. § 1985(3) prohibits two or more persons from conspiring to deprive any person of the equal protection of the law. 42 U.S.C. § 1985(3) covers private conspiracies; however, an indispensable element of a claim under 42 U.S.C. § 1985(3) is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Nowhere in his complaint does Koenig allege that the acts of the defendants were motivated by the kind of invidiously discriminatory animus required to state a claim under 42 U.S.C. § 1985(3), and therefore this claim must be dismissed.

### Koenig's Common Law Negligence Claim and Pendent Tort Claims

When federal claims are dismissed before trial, pendent state claims should also be dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Koenig has failed to state a claim against Brindle under federal law. Therefore, Koenig's claims for common law negligence and for pendent tort claims are dismissed.

### CONCLUSION

The motion to dismiss of defendant Ted Brindle (#18) is granted in its entirety.